1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| William "Bill" Stoller, | No. CV 06-1850-PHX-MHM |
| Plaintiff, | **ORDER** |
| vs. | |
| Arizona State University and Deborah Sullivan, | |
| Defendants. | |

Currently before the Court is Plaintiff William "Bill" Stoller's ("Plaintiff") Motion to proceed in forma pauperis (Dkt. #3). Having reviewed the Motion, the Court issues the following Order.

Plaintiff's Motion to proceed in forma pauperis demonstrates that Plaintiff does not possess the means to pay the filing fee in this case. Accordingly, the Court will grant the application for leave to proceed in forma pauperis.

However, the Motion to proceed in forma pauperis requires the Court to screen the Complaint. See 28 U.S.C. §§ 1915(a) and (e)(2). In screening a complaint filed with a request to proceed in forma pauperis, the Court must dismiss the complaint at any time if it is "frivolous or malicious" or if it fails to state a claim upon which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B)(i),(ii).

The Complaint alleges that Defendants Arizona State University and Deborah Sullivan, on or about November of 2004, "colluded and conspired to intentionally,

1. maliciously and unlawfully expel the Plaintiff from A.S.U. under color of the Arizona Board
2. of Regents...Rules." (Complaint ¶ 5).  Plaintiff asserts only that the Defendants' conduct
3. violates Title 42 of the United States Code Annotated.  Plaintiff does not specify further
4. which section of Title 42 Defendants violated.  Based upon the allegations of Plaintiff's
5. Complaint, it appears Plaintiff is asserting a claim under 42 U.S.C.A. § 1985(3), which
6. addresses conspiratorial conduct to deprive a person of equal protection under the laws.  The
7. elements of a § 1985(3) claim are (1) the existence of a conspiracy to deprive the plaintiff
8. or equal protection of the laws; (2) an act in furtherance of the conspiracy; and (3) resulting
9. injury.  Scott v. Ross, 140 F.3d 1275, 1284 (9th Cir. 1998).  However, "[a] mere allegation
10. of conspiracy without factual specificity is insufficient."  Karim-Panahi v. Los Angeles
11. Police Dep't., 839 F.2d 621, 626 (9th Cir. 1998).  In the instant case, Plaintiff asserts only that
12. the Defendants engaged in a conspiracy to expel Plaintiff from Arizona State University.
13. Such bare allegations regarding the existence of a conspiracy are not sufficient to assert a
14. claim under § 1985(3).  As such, Plaintiff's Complaint will be dismissed.  However, the Court
15. will grant Plaintiff leave to attempt to assert an actionable claim under § 1985(3) and Title
16. 42 because the assertion of additional facts may state a claim.  See Lopez v. Smith, 203 F.3d
17. 1122, 1127-29 (9th Cir. 2000) (en banc) (holding that a court should grant leave to amend if
18. the pleading could be cured by the allegation of other facts, or it is appears at all possible that
19. the defect can be corrected).

20. In any amended complaint alleging the violation of Plaintiff's constitutional rights,
21. Plaintiff must tell the Court: (1) the constitutional right or statutory provision under which
22. Plaintiff is proceeding; (2) the constitutional right or statutory provision which Plaintiff
23. believes has been violated; (3) exactly what the named  Defendants did or failed to do and
24. the date or dates of the act or omission alleged; (4) how the action or inaction of the
25. Defendant is connected to the alleged violation; and (5) what specific injury Plaintiff has
26. suffered because of Defendant's conduct.  Plaintiff may set forth his allegation in numbered
27. paragraphs for purposes of clarity.  Plaintiff further should set forth a plain and concise
28. statement of the relief he is seeking.

1    Plaintiff should take notice that if he fails to comply with every provision of this
2 Order, or any order of the Court entered in this matter, the action will be dismissed pursuant
3 to Rule 41(b) of the Federal Rules of Civil Procedure. See Ferdik v. Bonzelet, 963 F.2d 1258
4 (9th Cir. 1992) (district court may dismiss action for failure to comply with any order of the
5 court).

6    **Accordingly,**

7    **IT IS HEREBY ORDERED** granting Plaintiff's Motion to proceed in forma
8 pauperis, without prepayment of costs or fees or the necessity of giving security therefore.
9 Plaintiff shall be responsible for service by waiver or of the summons and complaint.
10 (Dkt.#3).

11    **IT IS FURTHER ORDERED** directing the Clerk's office to withhold providing
12 Plaintiff with the service packet until the Court has screened Plaintiff's amended complaint,
13 should he choose to file one.

14    **IT IS FURTHER ORDERED** that the Complaint is dismissed without prejudice with
15 leave to amend.  Plaintiff shall have 20 days from the date this Order is filed in which to file
16 an amended complaint in order to state specific allegations against the Defendants.  The
17 amended complaint must be retyped or rewritten in its entirety and may not incorporate any
18 part of the original complaint by reference.  Any amended complaint submitted by Plaintiff
19 should be clearly designated as such on the face of the document.

20    **IT IS FURTHER ORDERED** that the Clerk of Court is directed to enter a judgment
21 of dismissal without prejudice and without further notice to Plaintiff, if Plaintiff fails to
22 timely file an amended complaint within 20 days from the date this Order is filed.

23    DATED this 3rd day of August, 2006.

24
25
26
27
28    _____
     Mary H. Murguia
     United States District Judge